## Case No. 4,299a.

EDWARDS et al. v. THIRTY–FIVE BOXES OF GOLD DUST, SAVED FROM WRECK OF THE UNION.

[19 Betts, D. C. MS. 79.]

District Court, S. D. New York. Sept. 22, 1851.

Geo. F. Betts, for motion, on behalf of claimants.

W. A. Butler and Mr. Marbury, for libellants, opposed.

BETTS, District Judge. It is provided by rule 55, of this court, that in all cases of stipulations in civil and admiralty cases, any party having an interest in the subject matter may move the court on special cause shown, for greater or better security, and the only question is whether there is a case made here, which calls for the exercise of the discretion of the court to require the libellants to give security which may be equal to the costs to be created by the litigation. For I assume that the demand of the libellants is to be contested by the claimants, although no answer or plea has been yet filed.

I think the motion ought not to prevail. The libellants bring a single action, treating the property saved as an entirety, and they cannot be subject to the expense of litigating between the various owners the distributive proportion each of them shall contribute towards the salvage compensation. All that it is incumbent on the libellants to establish is, that the cargo arrested by them is subject to a salvage claim, and their recompense will be secured them by sale of so much as may be necessary to raise the amount, and will not be by any average on the different parcels of the cargo. That average must be claimed and decreed between the respective owners, and the libellants cannot justly be responsible for the expenses incurred in effecting it.

There is no evidence before the court showing that the stipulation of $250 is not sufficient to cover the costs of contesting the demand in the manner in which the suit is instituted. It is a mistake to suppose the libellants are answerable over to the claimants for the sums deposited by them in court on bonding the property attached. Under the old practice in admiralty, the claimant paid the costs of the officers of court on taking his property under bond or stipulation from their custody, and in case of his success on the final hearing had to rely upon the responsibility of the actors for repayment of such advance. The 68th rule of this court was intended to correct that mischief, and instead of drawing the costs from claimants absolutely on surrender of the arrested property to them, to place it so that the costs will be secured to the libellant and officers if the claimants are subjected to payment of them, and if exonerated from such payment so that the claimant may be secured their return without the hazard of recourse to the libellant. All the claimant can lose will be possibly the interest on the

advance whilst the cause is in litigation. But he is no way entitled to put the libellant under a stipulation to refund or secure such costs, because if the decision casts costs on the libellant, he must satisfy the officers of court and the claimant withdraws his deposit, and is made liable to no charge therefor, and in no contingency are they paid over to the libellant.

The case made by the libel, and contradicted before the court, shows at least a prima facie and colorable right in the libellant to a salvage compensation. An investigation on full hearing may show many of the statements to be exaggerated and inflated and the result may be that very small, or even no compensation is awarded them. Still unless the claimants have tendered a reasonable reward for services actually rendered, or the proceedings by the libelants are extortionate or oppressive, it is not the habit of admiralty courts to withhold costs when services beneficial to the claimant have been performed, or attempted to be performed, although no salvage compensation is awarded, and it is not unusual to grant costs in such instances. They are never imposed upon the salvors unless they have been guilty of gross misconduct. 2 W. Rob. Adm. 270; The Shannon (before Dr. Lushington, Dec., 1847) 6 N. Y. Leg. Obs. 143; Clarke v. The Dodge Healy [Case No. 2,849]; 2 Dods. 115; 2 W. Rob. Adm. 306; Pritch. Dig. 472; Drysdale v. The Ranger [Case No. 4,097]; One Hundred and Ninety-Four Shawls [Case No. 10,521].

The motion to increase stipulation for costs is accordingly denied.